## Harris et al. v. First National Bank of Paintsville.

(Decided Nov. 13, 1936.)

W. J. WARD for appellants.

KIRK & WELLS for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

On June 5, 1934, the appellant Milt Harris, as principal, and appellant J. B. Harris, as an accommodation indorser, executed and delivered to appellee bank a negotiable promissory note in the sum of $850. This note was a renewal and a consolidation of two notes given during the year 1931. On September 28, 1934, the bank brought a suit on the note against Milt Harris, J. B. Harris, and the latter's son, Ronald Harris. In its petition, it asked for judgment against Milt Harris and J. B. Harris in the sum of $850 with interest, and it further prayed for the cancellation of a deed made by J. B. Harris and wife to Ronald Harris. No defense was made to this suit, and judgment was entered by default in accordance with the prayer of the petition. Thereafter, on January 19, 1935, J. B. Harris and Ronald Harris brought a suit to set aside this judgment in so far as it directed the cancellation of the deed mentioned above, on the ground of fraud, by agreement, the suit to set aside the judgment was consolidated with the prior suit on the note in which judgment had been obtained. On final hearing, the court refused to set aside the judgment except that it allotted a homestead in the property involved to the appellant J. B. Harris. This appeal is taken from that judgment. No defense is offered to the liability of Milt Harris and J. B. Harris on the note for $850, and the sole question here presented is whether or not the court erred in refusing to set aside its judgment cancelling the deed from J. B. Harris and wife to Ronald Harris.

The evidence indicates that Ronald Harris has lived

on the farm with his father and mother for many years and has assisted in the management and operation of the property. It is claimed that during the period beginning in 1923 J. B. Harris commenced borrowing from his son for various purposes and in various amounts, until, at the date when the deed here in question was executed, J. B. Harris owed his son something in excess of $4,000. Appellants insist that the deed from J. B. Harris and wife to Ronald Harris was given in satisfaction of this $4,000 indebtedness, and it is urged that, under these circumstances, the court was without power to cancel the deed in question.

It is not seriously disputed that Milt Harris is insolvent or that to sustain the deed here involved would render J. B. Harris likewise insolvent. In fact, appellants' argument comes down simply to the proposition that J. B. Harris had a right to prefer one creditor at the expense of others so long as the amount of property which he gave was not in excess of the debt owed to the preferred creditor. The petition is framed under section 1907a of the Kentucky Statutes, 1936 Edition, and the evidence on the merits, both direct and circumstantial, is amply sufficient to support the conclusion of the chancellor. The circumstances indicate very strongly that the opportunities of Ronald Harris to accumulate $4,000 to advance to his father were very limited and that the idea of conveying the farm to him was at least stimulated by the prospect of liability on the note to the bank. Indeed, the effect of the appellants' contention is no more than to bring the case under section 1910 of the Kentucky Statutes, 1936 Edition, under which the conveyance would operate as an assignment for the benefit of all the creditors of J. B. Harris, including the appellee. It is difficult, therefore, to see what they could expect to gain even if the judgment was set aside.

The only point relied on as a basis for setting aside the default judgment is the claimed fraud of the vice president of the appellee bank in his alleged representation to the effect that he would not take a judgment against the appellants until he had had an opportunity to examine certain real estate belonging to Milt Harris on which it was proposed to give the bank a mortgage. The evidence on this question is far from convincing, and the vice president of the bank testifies that he has no recollection of making any agreement in regard to

withholding further steps in the pending suit, although he admits that he agreed to go and look at the property if he was able to find time to do so. Ronald Harris testifies that the vice president of the bank stated that he would not take a judgment in the suit until "he seen further." Certainly this was not an agreement to refrain from taking a judgment indefinitely or after the bank had determined that it was impracticable to secure the obligation by a mortgage on the property of Milt Harris, nor was it a representation that appellants would be notified before steps were taken. We conclude that the evidence justified the decision of the chancellor and that he did not err in refusing to set aside the default judgment. We would be compelled to reach the same conclusion if we considered the decision to be merely doubtful.

Judgment affirmed.